RICHARD GOLUBOW -- State Bar No. 160434
rgolubow@winthropcouchot.com
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

Kate Ellis, *Pro Hac Vice*
kellis@mccarronlaw.com
**MCCARRON & DIESS**
4530 Wisconsin Avenue, N.W., Suite 301
Washington, D.C. 20016
Telephone: (202) 364-0400
Facsimile: (202) 364-2731

Counsel for Plaintiff G.W. Palmer & Co., Inc. and
Intervening Plaintiffs Frank Gioia d/b/a/
State Produce, West Coast Produce & Specialties, Inc.,
Sunline International, LLC, and
Cardile Bros. Mushroom Packaging, Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**     JS-6
**WESTERN DIVISION – LOS ANGELES**

| | |
|---|---|
| G.W. PALMER & CO., INC., et al.<br><br>Plaintiffs,<br><br>vs.<br><br>PRIME TROPICAL, INC ., JULIO CHAN, VINCENT RAMIREZ, JR., YOLANDA RAMIREZ, MARIA CHAN<br><br>Defendants. | Case No.: 2:11-CV-4730 R (AGRx)<br><br><br>**PERMANENT INJUNCTION** |

**UPON CONSIDERATION** of the Motion for Entry of Default Judgment as to Prime Tropical, Inc. and Permanent Injunction ("Motion") filed by Plaintiff G.W. PALMER & CO., INC. and Intervening Plaintiffs FRANK GIOIA d/b/a STATE PRODUCE, WEST COAST PRODUCE & SPECIALTIES, INC., SUNLINE INTERNATIONAL, LLC, and CARDILE BROS.

MUSHROOM PACKAGING, INC. (collectively referred to herein as "Palmer Plaintiffs"), and any opposition thereto, the Court hereby

**GRANTS** Palmer Plaintiffs' Motion; and further finds as follows:

## STANDARD OF REVIEW

The standard for granting injunctive relief in the Ninth Circuit requires the moving party to show: (1) there is a likelihood that Plaintiff will be successful on the merits of their claims; (2) there is a likelihood of irreparable harm to Plaintiff if the injunction does not issue; (3) the balance of the equities favors Plaintiff, and (4) the public interest would be furthered by the granting of an injunction. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008); *Enyart v. Nat'l Conf. of Bar Examiners, Inc.,* 630 F.3d 1153 (9th Cir. 2011); *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045 (9th Cir. 2010). The Palmer Plaintiffs' claims for relief meet each of these tests, and accordingly, should be granted in all aspects.

## FINDINGS

Plaintiff G.W. Palmer & Co., Inc. filed a civil action alleging violations of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c) and other causes of action against Defendants Prime Tropical, Inc. ("Prime Tropical"), Julio Chan, Vincent Ramirez, Jr., Yolanda Ramirez, and Maria Chan. The complaint seeks an order enforcing payment from the produce trust established under the PACA, 7 U.S.C. § 499e(c), and damages.

This Court has subject matter jurisdiction over this action. 7 U.S.C. § 499e(c)(5).

On June 27, 2011, this Court entered the Consent Injunction and Agreed Order for PACA Claims Procedure ("PACA Order") [Doc. 22], the terms of which were stipulated and agreed to by plaintiff G.W. Palmer & Co., Inc. and Defendants [Doc. 20]. The PACA Order set forth a procedural framework to determine the *bona fide* beneficiaries of the statutory trust arising under the PACA and for the orderly liquidation of Defendant Prime Tropical's assets impressed with the PACA statutory trust. *See* PACA Order, p. 3. Through the process set forth in the PACA Order, the *bona fide* beneficiaries of the PACA trust were conclusively determined. *See* PACA Order ¶¶ 18-33.

1         PACA impresses a statutory, non-segregated floating trust ("PACA Trust") on all of Prime Tropical's inventories of perishable agricultural commodities ("Produce"), food or products derived from Produce ("Products"), accounts receivable and other proceeds of the sale of Produce or Products, and assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA Trust are hereinafter referred to as "PACA Trust Assets") for the benefit of qualifying sellers to Prime Tropical. 7 U.S.C. § 499e(c)(5); *Tom Lange Co. v. Kornblum & Co (In re Kornblum & Co.)*, 81 F.3d 280 (2d Cir. 1996); *In re Atlantic Tropical Market Corp.*, 118 B.R. 139, 142-43 (Bankr. S.D. Fla. 1990). A PACA trust exists for the benefit of all of Prime Tropical's unpaid produce suppliers. 7 U.S.C. § 499e(c)(2). Although over $200,000.00 has been collected for the benefit of Prime Tropical's PACA Trust Creditors, the total PACA claims are nearly $1.5 million, resulting in a significant shortfall in the amount due to the PACA trust creditors. Congress has recognized that if a PACA trust is "dissipated, it is almost impossible for a beneficiary to obtain recovery" from the trust. *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154 (11th Cir. 1990) (citing legislative history); *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132 (3d Cir. 2000). Prime Tropical's operations have wound down, but efforts to collect receivables and pursue third party beneficiaries of trust funds are ongoing. Additionally, there are funds on deposit in the Prime Tropical PACA Trust Account in the approximate amount of $67,000 for distribution to *bona fide* PACA trust creditors in this matter. Maintenance of injunctive relief over these assets is imperative to ensure that they are not dissipated.

        Finally, any threatened injury to PACA trust creditors of Defendants outweighs whatever damages the proposed injunction may cause Defendants, and the issuance of the injunction is not contrary to the public interest and will ensure the collection and preservation of trust assets for the benefit of Prime Tropical's PACA trust creditors. 7 U.S.C. § 499e(c)(1).

        The Court finds that it is reasonable and necessary to continue the procedural framework for the orderly collection of Prime Tropical's PACA Trust Assets and distribution of such trust assets to Prime Tropical's *bona fide* PACA trust creditors.

Based on the foregoing, **IT IS HEREBY ORDERED**, as follows:

**I. PRELIMINARY INJUNCTION**

1. This Order supersedes and replaces the original Consent Injunction and Agreed Order for PACA Claims Procedure entered on June 27, 2011 [Doc. 22], and is binding upon the Parties to this action, their officers, agents, assigns, employees, banking institutions and attorneys, and all other persons or entities who receive actual notice of the entry of this Order.

2. Prime Tropical, Julio Chan, Vincent Ramirez, Jr., Yolanda Ramirez, and Maria Chan, their agents, employees, officers, directors, assigns, representatives, and banking institutions are restrained and enjoined from alienating, dissipating, paying over, or assigning any assets belonging to Prime Tropical including, without limitation, all assets contemplated by 7 C.F.R. § 46.46, as interpreted by applicable case law, or withdrawing funds from the PACA Trust Account, except as set forth in this Order.

3. Upon request, during normal business hours, Prime Tropical shall provide Palmer Plaintiffs' counsel, or other designated representative of Palmer Plaintiffs, with reasonable access to Prime Tropical's books and records, including without limitation, all invoices, credit memos, accounts receivable, ledgers, insurance policies, inventory lists, accounts payable lists, customer lists, vendor invoices and access to Prime Tropical computers, computer software and related passwords.

4. The PACA Trust Assets subject to the *bona fide* PACA trust claims of Prime Tropical's PACA trust creditors and in the possession of Prime Tropical as described in 7 C.F.R. § 46.46 as interpreted by applicable case law, shall serve as security for this injunction as required by Rule 65(c) of the Federal Rules of Civil Procedure.

**II. MAINTENANCE OF PACA TRUST ACCOUNT**

5. Counsel for Palmer Plaintiffs, McCarron & Diess, shall maintain the escrow account entitled "Prime Tropical PACA Trust Account" ("PACA Trust Account"). The PACA Trust Account shall continue to utilize Prime Tropical's Federal Tax Identification Number. The signature of counsel for Palmer Plaintiffs shall be required on the account; no check withdrawals, transfers or other disbursements shall be made or permitted without such signature. The PACA

Trust Account shall not be subject to execution, levy or attachment by any creditor without further order of this Court. After disbursement of the balance of funds on deposit in the PACA Trust Account, Counsel for Palmer Plaintiffs is authorized to close this account.

6. All account debtors of Prime Tropical, all financial institutions in which Prime Tropical has funds on deposit, and any other person or entity that may be in possession of any of Prime Tropical's assets shall, upon receipt of actual notice of this Order, immediately account for and turn over all monies constituting PACA Trust Assets as described in 7 C.F.R. § 46.46 as interpreted by applicable case law in their possession, custody or control, or which come into their possession, custody or control, including, without limitation, non-negotiated checks, bank account balances, cash, and proceeds of Prime Tropical's accounts receivable and inventory, to counsel for Palmer Plaintiffs for deposit into the PACA Trust Account.

7. The PACA Trust Assets and the PACA Trust Account are subject to the exclusive jurisdiction of this Court. Monies in the PACA Trust Account shall not be withdrawn or transferred except as provided by this Order, upon stipulation of the parties, or further order of this Court.

### III. LIQUIDATION OF THE ASSETS

8. Counsel for Palmer Plaintiffs, with the assistance of Defendants, shall continue to identify, recover and liquidate Prime Tropical's assets pursuant to the terms of this Order for the benefit of Prime Tropical's *bona fide* PACA trust creditors.

9. Counsel for Palmer Plaintiffs is authorized to execute Prime Tropical's functions and obligations provided for in this Order for the benefit of all potential PACA Trust beneficiaries.

10. Counsel for Palmer Plaintiffs with Defendants' assistance shall liquidate any and all accounts receivable or other debts owed to Prime Tropical through any commercially reasonable means. Counsel for Palmer Plaintiffs is authorized to seek an immediate accounting and turn over of any and all receivables or other debts owed to Prime Tropical paid to third parties.

11. Defendant Prime Tropical shall maintain the integrity and security of Prime Tropical's financial records including accounts payable and receivable and cooperate with Palmer Plaintiffs' counsel in the collection of accounts receivable and turnover of PACA trust assets.

## IV. DISTRIBUTION OF PACA TRUST ASSETS

12. Palmer Plaintiffs' counsel shall be authorized to make further distributions to the *bona fide* PACA Creditors of Prime Tropical in accordance with the *pro rata* shares as set forth in the Second PACA Trust Chart [Doc. 114]. Palmer Plaintiffs shall make the distribution payable to the client trust account of the claimant's attorney of record. If an attorney represents more than one claimant, the distribution shall be made in one lump sum in the aggregate amount of all of the attorney's clients' distributions. Each attorney has the duty to then distribute the funds to their clients in accordance with the PACA Trust Chart subject to any contrary agreement among the attorney and his or her clients.

## V. PROCEDURAL ISSUES

13. This Court shall exercise exclusive *in rem* jurisdiction over this action, the PACA Trust Assets, and the PACA Trust Account established pursuant to this Order. The Court also hereby retains jurisdiction to enter further Orders to enforce the terms of this Permanent Injunction Order.

14. Counsel for Palmer Plaintiffs shall have no responsibility or obligation to any person or entity with respect to the PACA Trust Account, or the tasks to be performed hereunder, other than to comply in good faith with the terms of this Order and other Orders of this Court. Counsel for Palmer Plaintiffs may rely upon and shall be protected in acting or refraining from acting upon any statement, certificate, notice, request, consent, order or other documents (including Defendant Prime Tropical's books and records) reasonably believed by counsel for Palmer Plaintiffs to be genuine and to have been signed or presented by the proper party or parties, or their counsel. Counsel for Palmer Plaintiffs shall have no duty or liability to verify any such statement, certificate, notice, request, consent, order or document. Counsel for Palmer Plaintiffs shall not be liable for any mistake of fact or error or judgment or for any act done or omitted in good faith as required or permitted by this or other orders of this Court. Counsel for Palmer Plaintiffs shall be

1  under no obligation to institute or defend any action, suit or proceeding in connection with the
2  PACA Trust Account.

5  **IT IS SO ORDERED**

7  Dated: _April 30, 2013__                          _____
                                                      HONORABLE MANUEL L. REAL
8                                                     United States District Judge

-7-